IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:04CV321

DARCEY R. WALRAVEN, D.C.           )
                                   )
            Plaintiff,             )
                                   )
                                   )
v.                                 )
                                   )
ROY COOPER, in his official capacity )
as Attorney General for            )
the State of North Carolina        )
Dept. of Justice                   )
                                   )
                                   )
                                   )        COMPLAINT
                                   )        and MOTION FOR
                                   )     TEMPORARY RESTRAINING
                                   )        ORDER and
                                   )     PRELIMINARY INJUNCTION
RICHARD DAVIS, THOMAS BROWN,        )
DENNIS HALL, JAMES BROWN,           )
SKIP BRADLEY, ROBERT STROUD,        )
JR., STATEN WILCOX, and R. STEVE    )
BOWDEN, in their official capacity as )
the duly appointed MEMBERS of the   )
NORTH CAROLINA BOARD  OF            )
CHIROPRACTIC EXAMINERS              )

            Defendants.

_____

Plaintiff, complaining of Defendants, says:

JURISDICTION AND VENUE

1.  This court has subject matter jurisdiction of this action pursuant to 28

U.S.C. 1331 and 28 U.S.C. 1343(3),(4).

2. Venue is properly laid in this District pursuant to 28 U.S.C. 1391(b), as a substantial part of the events which give rise to the claims made herein have occurred in this District.

## NATURE OF THE ACTION

3. This is an action pursuant to 42 U.S.C. §1983, to remedy the deprivation, under color of North Carolina statutes and administrative regulations, of rights secured to Plaintiff by the First and Fourteenth Amendments to the United States Constitution. Plaintiff challenges North Carolina statutes and provisions of the North Carolina Administrative Code that limit the advertising that she may undertake in the pursuit of her profession as a licensed chiropractor.

4. This is an action for a declaratory judgment pursuant to 28 U.S.C. —2201, for a temporary restraining order and preliminary injunction pursuant to Fed.R.Civ.P. 65(a), and for a permanent injunction.

## PARTIES

5. Plaintiff is a licensed North Carolina chiropractor, currently practicing her profession in Ohio. She intends to relocate her practice to Huntersville, North Carolina, a location within this District and Division, on or before September 1, 2004.

6. The Defendant Attorney General is the chief law enforcement officer of North Carolina, and is charged by law to enforce against Plaintiff the statutes and regulations at issue in this action. He is sued only in the capacity of his office.

7. The Defendants Members of the Board of the North Carolina Chiropractic Examiners are the agency of the State of North Carolina which promulgated the

regulations at issue in this action and are charged by law to initiate enforcement of the regulations. They are sued only in the capacity of their office.

## CLAIM

8. In her present practice Plaintiff employs agents to telephone prospective patients whose telephone numbers they obtain from publicly available motor vehicle accident reports. Telephone numbers listed on the National Do Not Call Registry are not called. When prospective patients are then reached by telephone, Plaintiff's agents solicit their business for plaintiff using a prepared script which is truthful, non-deceptive and conforms in all respects to the requirements of the Federal Trade Commission and the requirements of N.C. Gen. Stat. 90-154(b)(1),(9) (which prohibit false, misleading fraudulent or deceptive advertising) and 10 N.C.A.C. 0302(c) (which requires that advertisements not guarantee a beneficial result from chiropractic treatment). The script is provided and followed to lessen any possibility that plaintiff's agents might attempt to communicate untruthful or deceptive information, or in any way coerce or exercise undue influence over and prospective patient. But for the regulations at issue. Plaintiff would conduct her practice in North Carolina in this manner.

9. Bur for the regulations at issue, plaintiff would conduct her practice in North Carolina by offering her services personally in speeches and presentations to civic groups, senior citizen organizations, and nursing home staff and residents, and by offering her services personally and by telephone to family, friends, and current and former patients.

10(a). N.C. Gen Stat. 90-401 [1994] provides in pertinent part:

Referral fees and payment for certain solicitations prohibited. A health care provider shall not financially compensate in any manner a person, firm or corporation for recommending or securing the health care provider's employment by a patient, or as a reward for having made a recommendation resulting in the health care provider's employment by a patient. ...

(b) N.C. Gen. Stat. 90-401.1 [1994] provides:

It shall be unlawful for a health care provider or the provider's employee or agent to initiate direct personal contact or telephone contact with any injured, diseased, or infirmed person, or with any other person residing in the injured, diseased, or infirmed person's household, for a period of 90 days following the injury or the onset of the disease or infirmity, if the purpose of initiating the contact, in whole or in part, is to attempt to induce or persuade the injured, diseased, or infirmed person to become a patient of a health care provider. This section shall not be construed to prohibit a health care provider's use of posted letters, brochures, or information packages to solicit injured, diseased, or infirmed persons, so long as such use does not entail direct personal contact with the person.

(c) 21 North Carolina Administrative Code 10.0303(a),(b) [1994] provide:

(a) In-Person and Telephone Solicitation of Auto Accident Victims. In order to protect the public from misrepresentation, coercion or undue influence, it shall be unlawful for a doctor of chiropractic, or the doctor's employee, to initiate direct personal contact or telephone contact with any person who has been injured in a motor vehicle collision, or with any person residing in the injured person's household, for a period of 90 days following the collision, if the purpose of initiating contact is, in whole or part, to solicit the injured person to become a patient of the doctor.

(b) Acceptance of Referrals From Runners. It shall be unlawful for a doctor of chiropractic to accept as a patient any person injured in an automobile accident who was referred by a runner. As used in this Rule, the term "runner" means any person, firm or corporation that routinely obtains the names of injured persons from motor vehicle accident reports or other public records and then contacts those persons to induce them to seek medical or chiropractic treatment or pursue legal claims.

11. Plaintiff's proposed solicitation of accident victims

by telephone would violate N.C. Gen. Stat. §90-401 (which prohibits her from paying her

telephone solicitors for their services), 21 N.C.A.C. 10.0303(b)(same; plaintiff's

telephone solicitors are "runners" within the meaning of this regulation), N.C. Gen. Stat. 90-401.1 (which prohibits her from initiating contact with an injured person), and 21 N.C.A.C. 10.0303(a)(same).

12. Plaintiff's proposed presentations to civic groups, senior citizen organizations, nursing homes, family, friends and patients would violate N.C. Gen. Stat. 90-401.1 (Prohibiting direct personal contact with persons "infirmed," e.g., persons who have contracted arthritis within the past 90 days) and 21 N.C.A.C.10.0303(a)(prohibiting direct contact with recent accident victims, some of who may well be in the audiences plaintiff addresses).

13. Any solicitation of any patient which infringes the statute or regulation is considered by the Defendant Board to be a violation of its Rules of Ethics of Advertising and Publicity and unethical conduct, within the meaning of N.C. Gen. Stat. §90-154.2. When the Board finds that a practitioner is guilty of unethical conduct it may impose one or more of the following sanctions: (1) permanently revoke the practitioner's license to practice chiropractic; (2) suspend the practitioner's license to practice chiropractic; (3) censure the practitioner; (4) issue a letter of reprimand to the practitioner; and (5) place a practitioner on probationary status and require him or her to report regularly to the Board upon the matters which are the basis of probation.

14. Defendants' threatened prohibition of Plaintiff's intended commercial activity violates Plaintiff's rights under the First Amendment to the United States Constitution, which is made applicable to the States by the Fourteenth Amendment.

## INJUNCTIVE RELIEF

15. Plaintiff has no plain, adequate or complete remedy at

law, is suffering great, immediate and irreparable harm because of Defendant's threat to enforce the statutes and regulations at issue against her, and will continue to so suffer until Defendants are enjoined as prayed.

WHEREFORE, Plaintiff respectfully prays that this Court:

1.  Pending final trial and determination of this action, advance this matter upon the docket and upon hearing enjoin Defendants not to enforce the challenged enactments, *pendente lite*;

2.  At final trial declare the application of the challenged enactments to Plaintiff to be unlawful and permanently enjoin their enforcement against her; and

3.  Award Plaintiff her costs, counsel fess and expenses pursuant to 42 U.S.C. 1988, and such other and further relief as is merited in the premises.

Respectfully submitted, July 1, 2004.

Anna E. Daly
Cozen O'Connor
301 South College Street, Suite 2100
Charlotte, North Carolina 28202
(704) 376-3400 or (800) 762-3575
N.C. Bar No. 22447


George Daly
139 Altondale Avenue
Charlotte, N.C. 28207
704-333-5198 (Ph./Fax)
N.C. Bar No. 1071

By:_____

OF COUNSEL:
James F. McCarthy, III
Katz, Teller, Brant & Hild
255 East Fifth Street, Suite 2400
Cincinnati, Ohio 45202-4724
(513) 721-4532